## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Teamsters Local 346 Savings and 401(k) Plan,      Case No.:

        Plaintiff,

   vs.                                    **COMPLAINT**

Jackson Incorporated,

        Defendant.

---

### JURISDICTION AND VENUE

1.    This is an action to enforce an employer's obligation to make contributions to a multiemployer plan and for liquidated damages, interest, and reasonable attorney fees and costs of this action. The Court has jurisdiction over this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and § 1145, and under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).  Venue is proper in this District under 29 U.S.C. § 1132(e)(2).

### PARTIES

2.    Plaintiff Teamsters Local 346 Savings and 401(k) Plan ("the Plan") is a multiemployer employee benefit plan, as defined under Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).  The Plan is administered in Duluth, Minnesota.

3.    Defendant Jackson Incorporated is a Minnesota corporation and its registered office address is 6773 Cramer Road, Finland, Minnesota 55603.  Defendant is an employer in an industry affecting commerce as defined in 29 U.S.C. §§ 152(2), (6) and (7), and 29 U.S.C. §§ 1002(5), (11) and (12).

## STATEMENT OF CLAIM

4.      At all relevant times, Defendant was signatory to a Collective Bargaining Agreement between Minnesota Construction Conference of Teamsters and the Associated General Contractors of Minnesota ("CBA") which governed the terms and conditions of employment of the Defendant's bargaining unit employees.

5.      At all relevant times, Defendant was party to a Letter of Understanding ("LOU") which modified the CBA and specifically required Defendant to pay certain sums per hour to the Plan on behalf of covered employees.   At all times material, Defendant employed employees to perform work for which the LOU and CBA required contributions to the Plan.

6.      At all relevant times, Defendant was bound by the Trust Agreement establishing the Plan as well as Plan's Collection Policy governing the collection of delinquent contributions.   The Plan's Trust Agreement provides the Plan with the right to audit Defendant's books and records to determine compliance with Defendant's contribution obligation to the Plan under the CBA.

7.      The Plan's third-party administrator, Wilson-McShane Corporation, conducted a payroll audit on behalf of the Plan to determine whether Defendant was making contributions in compliance with the LOU and CBA.   The audit conducted by Wilson-McShane Corporation covered the time period from January 2014 – December 2018.

8.      The audit revealed that Defendant failed to pay contributions to the Plan on behalf of five (5) employees for hours worked in the months of June – September 2017.   Pursuant to the audit invoice dated August 28, 2019, Defendant owes the Plan $15,520.05 in delinquent contributions.

9.      Despite demand, Defendant has failed and refused to pay the amount invoiced following the audit.

10.     The Plan's Trust Agreement and Collection Policy provide that employers that are found delinquent in paying contributions to the Plan following an audit shall be assessed interest at the rate of twelve percent (12%) per annum and liquidated damages of twenty percent (20%), plus all costs and reasonable attorney fees incurred in connection with the collection of such delinquent contributions.

11.     Based on the Plan's audit, and pursuant to the Plan's Trust Agreement, its Collection Policy, and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant owes Plaintiff $15,520.05 in delinquent contributions, interest in the amount of $611.13, and liquidated damages in the amount of $3,104.01. The total amount owed by Defendant to the Plan as of the date of this Complaint equals $19,235.19.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Plaintiff prays for judgment against Defendant in the amount of $19,235.19, plus court costs and reasonable attorney fees.

2. For such further relief as the Court may deem proper and just.

Dated this 3rd day of February 2020          ANDREW, BRANSKY & POOLE, P.A.

s/ Jane C. Poole
_____
Jane C. Poole, #0391069
302 West Superior Street, Suite 300
Duluth, MN 55802
Telephone: (218) 722-1764
Fax: (218) 722-6137
jpoole@duluthlawfirm.com

Attorneys for Plaintiff